UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JOE MASK,<br><br>    Petitioner,<br><br>    v.<br><br>DANIEL PARAMO,<br><br>    Respondent. | No. 2:15-cv-2168 MCE CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The court directed a response to the petition. (ECF No. 8.) Before the court are two motions by petitioner to stay this action while he exhausts remedies as to certain claims (ECF Nos. 6 & 13) and respondent's motion to dismiss the petition as "mixed." (ECF No. 12.) Respondent opposes the grant of a stay pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005). (Id.)

The court addresses these three motions below.

I.    Background

Petitioner challenges his 2012 conviction in the Sacramento Superior Court for sexual offenses against his minor daughter, for which he was sentenced to a state prison term of 90 years to life plus 117 years. (Lod. Doc. 2, CT 473-476; Lod. Doc. 7 at 5.)

////

Petitioner appealed his conviction and sentence. (Lod. Doc. 2.) On July 25, 2014, the California Court of Appeal, Third Appellate District, reversed the convictions on Counts 3 and 5, but otherwise affirmed the judgment. (Lod. Doc. 7.) Petitioner sought review in the California Supreme Court, asserting the following claims:

> (1) Admission of uncharged sexual acts violated his constitutional right to due process; and
>
> (2) There was insufficient evidence of force, fear, or duress to sustain his convictions for forcible molest in Counts 6 and 11-15, violated his constitutional right to due process.

(Lod. Doc. 8.) On October 15, 2014, the California Supreme Court summarily denied review. (Lod. Doc. 10.)

Respondent represents that petitioner has filed habeas petitions challenging the 2012 judgment in the state trial and appellate courts, both of which have been denied. On October 2, 2015, petitioner filed a petition for habeas corpus in the California Supreme Court, which is pending. (Lod. Doc. 9.) In it, petitioner asserts the following claims:

> (1) Ineffective assistance of trial and appellate counsel;
>
> (2) Miranda violation and arrest without probable cause;
>
> (3) Prosecutorial misconduct;
>
> (4) Ineffective assistance of appellate counsel;
>
> (5) Trial court erred by admitting evidence of uncharged offenses;
>
> (6) Actual innocence.

(Lod. Doc. 9.)

Petitioner commenced this federal habeas action on October 16, 2015. (ECF No. 1.)

II. Motions for Stay

In his federal petition, petitioner asserts four claims:

> (1) The trial court prejudicially erred in admitting uncharged sexual acts under Cal. Evidence Code §§ 1108 and 1101;
>
> (2) The evidence was insufficient to prove force, fear, or duress necessary to sustain convictions for forcible molest in Counts 5, 6 and 11-15;

2

>    (3) The evidence was insufficient to sustain the jury's verdicts on Counts 3 and 5;
>
>    (4) The trial court violated petitioner's federal due process rights when it refused to give him access to the victim's school records.

(ECF No. 1 at 3, 11, 17, 19.)

Petitioner exhausted the first two grounds on direct appeal. As to Claim 3, the court of appeal reversed petitioner's convictions on Counts 3 and 5 (Lod. Doc. 7), so petitioner has no claim for relief on habeas review. Petitioner has not exhausted, nor is he currently in the process of exhausting, Claim 4. Thus the petition is "mixed," containing both exhausted and unexhausted claims.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

Petitioner has moved to stay this proceeding while he exhausts state remedies as to his unexhausted claims. (ECF Nos. 6 & 13.) Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.

The "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), involves the following three-step process:

>    (1) petitioner amends his petition to delete any unexhausted claims,
>
>    (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and
>
>    (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

1   King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A petitioner who proceeds under Kelly may
2   amend his petition with newly exhausted claims if they are timely under the statute of limitations
3   governing the filing of federal habeas petitions.[1]  If a petitioner's newly-exhausted claims are
4   untimely, he may amend his petition to include them only if they share a "common core of
5   operative facts" with the claims in the original federal petition. See King, 564 F.3d at 1140–41;
6   see also Duncan v. Walker, 533 U.S. 167, 172–75 (2001) (unlike the filing of a state habeas
7   petition, the filing of a federal habeas petition does not toll the statute of limitations).[2]

   The United States Supreme Court has authorized a second procedure for pursuing both
exhausted and unexhausted claims, set forth in Rhines, 544 U.S. at 277. Under the Rhines
procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted
and unexhausted claims, and his unexhausted claims remain pending in federal court while he
returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654,
660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition
to allow a petitioner time to return to state court to present unexhausted claims."). To obtain a
Rhines stay of a mixed petition pending exhaustion of the unexhausted claims, the petitioner must
show that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good
cause for his earlier failure to exhaust state remedies. 544 U.S. 269.

   Here, petitioner has not shown Claim 4's potential merit, nor has he shown good cause
sufficient to obtain a Rhines stay. See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) ("An
assertion of good cause without evidentiary support will not typically amount to a reasonable

---

[1] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[2] Unlike the Rhines procedure described below, the Kelly procedure does not require a showing of good cause. King, 564 F.3d at 1140. Rather, "a petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly-exhausted claims back into the petition must satisfy Mayle [v. Felix, 545 U.S. 644, 650 (2005)]." Id. at 1143; see id. at 1142 ((Mayle requires new claims to relate back to claims that were exhausted at the time of filing).

excuse justifying a petitioner's failure to exhaust.").

However, in his second motion, petitioner seeks a stay pursuant to Kelly.  (ECF No. 13.) Accordingly, the court will recommend that the petition be dismissed and petitioner be directed to file an amended petition with Claims 3 and 4 deleted.  Upon receipt of a fully-exhausted First Amended Petition, the court will stay this action until such time as petitioner files a Second Amended Petition, including any additional claims that have been exhausted in the California Supreme Court.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner's motions for stay (ECF Nos. 6 & 13) be granted as follows:

    a. The petition (ECF No. 1) is dismissed as "mixed";

    b.  No later than thirty days after dismissal, petitioner shall file an amended petition containing only exhausted claims;

    c. Failure to timely file such an amended petition will result in this action being closed; and

    d.  Upon receipt of a fully exhausted amended petition, that court will administratively stay this action pursuant to Kelly, pending exhaustion of additional claims in the California Supreme Court.

2.  Respondent's motion to dismiss (ECF No. 12) be granted as consistent with the above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

////

////

Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 29, 2016

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / mask2168.stay